**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DEANN A. MCBRAYER,

       Plaintiff,                               CASE NO. 07-CV-13834

-vs-

                                                        PAUL D. BORMAN
HARVEY W. EVANS, ET AL.,               UNITED STATES DISTRICT JUDGE

       Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO REINSTATE CASE

Before the Court is Plaintiff Deann A. McBrayer's ("Plaintiff") March 18, 2008 Motion to Reinstate Case. (Dkt. No. 14). On March 26, 2008, Defendants filed a Response.

Plaintiff voluntarily dismissed this action on October 1, 2008. (Dkt. No. 12). This case is one of many Plaintiff has filed in this Court and in state court arising from the same set of facts, against the same group of Defendants, and supported by the same assertions of evidence. (*See* Case No. 07-723525 and Case No. 07-727866 in Wayne County Circuit Court; Case No. 07-13834, Case No. 07-14347, Case No. 07-07872 and Case No. 08-10404 in the United States District Court for the Eastern District of Michigan). All of these actions, including the instant suit, are based on Plaintiff's various claims of discrimination and/or her dismissal from Baker College during the early part of 2006.

This Court recently prohibited Plaintiff from filing any other actions based on this subject matter in one the related cases. *See McBrayer v. Baker College*, No. 08-10404 (E.D. Mich. filed Jul. 3, 2008). The Court has also found that all of the aforementioned federal suits against Defendants Harvey W. Evans, The Baker College System, Aaron Maike, and Baker College of Allen Park (or some combination thereof) based on this subject matter are barred by the doctrine of *res judicata*.

Plaintiff's original Complaint, while extremely vague, appears to allege her instructor at Baker College failed to allow her to make accommodations to take a test on a day that was not her Sabbath in 2006. (Compl. 1-3). However, Plaintiff has filed three Amended Complaints in this action since filing her Motion to Reinstate, all of which set forth virtually identical claims as in her other three cases before this Court – that she was expelled from Baker College in April 2006, and was subjected to various forms of discrimination.

The Court finds that granting Plaintiff's Motion to Reinstate Case would constitute allowing Plaintiff to file that which she was previously been prohibited. For this reason, the Court **DENIES** Plaintiff's Motion to Reinstate Case (Dkt. No. 14). The Court further **DENIES AS MOOT** Plaintiff's Motion for Jury Demand (Dkt. No. 15); Motion for Court Order for Mediation (Dkt. No. 17); Motion for Mediation (Dkt. No. 18); Motions to Amend (Dkt. Nos. 21, 22); and Motion for Court Appointed Attorney (Dkt. No. 23).

**SO ORDERED**.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: July 9, 2008

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on July 9, 2008.

s/Denise Goodine
Case Manager